COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


WESLEY C. SMITH

                                                   MEMORANDUM OPINION[*]
v.      Record No. 1745-07-4                          PER CURIAM
                                                      APRIL 15, 2008
CHERI SMITH


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Paul F. Sheridan, Judge Designate

            (Wesley Smith, *pro se*, on brief).  Appellant submitting on brief.

            No brief for appellee.


        In this divorce action, Wesley C. Smith (husband) appeals the trial court's June 18, 2007

order entered after entry of the final divorce decree.  The June 18, 2007 order disposed of various

motions filed by husband and Cheri Smith (wife), found husband in contempt, and sentenced him to

one day in jail.  Husband contends the trial court erred in (1) improperly modifying its June 9, 2006

final divorce decree by releasing funds from escrow to the Department of Child Support

Enforcement (DCSE) pursuant to the terms of an Order to Withhold ("administrative order"), rather

than to him; (2) allowing a DCSE non-attorney to overrule a final circuit court ordered payment

plan for the child support arrearage; (3) violating due process with "illegible handwritten

chicken-scratch orders"; (4) imposing a summary contempt sentence against appellant, which

violated Code § 18.2-456; and (5) exercising personal jurisdiction[1] over appellant where he was

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his question presented, appellant refers to "subject matter jurisdiction," but his argument involves whether he was properly served with the bill of complaint and, therefore, whether the circuit court had personal jurisdiction over him.

never served with wife's bill of complaint. For the following reasons, we find that Issues (1) through (4) are procedurally barred from our consideration and, therefore, we dismiss this appeal as to those four issues. We further find no merit in Issue (5), and affirm the trial court's decision as to that issue.

### Issues (1) & (2)

The record shows that the June 9, 2006 final decree provided as follows with respect to the child support arrearage:

> The Court does find that the Defendant is in arrears in the payment of child support in accordance with the orders of this court. The Court finds that effective May 1, 2006, the Defendant owes $18,929.00. The Court finds the Defendant in contempt for failing to pay child support. In order to address the arrearage in child support and to allow the Defendant to purge himself of further contempt, the Court orders the [sic] that he pay an additional $50.00 per month beginning June 1, 2006, so that his total monthly income or support payment would be $864.00 per month. It is therefore,
>
> ADJUDGED, ORDERED AND DECREED that effective June 1, 2006, the Defendant is to pay in addition to his current monthly support obligation of $814.00, an amount of $50.00 per month towards payment of his arrearage which brings his total monthly child support obligation to $864.00 per month. He may pay $864.00 at the rate of $432.00 on the first of each month and $432.00 on the 15th of each month.

The June 9, 2006 final decree also provided for equitable distribution of the parties' property and payment of marital debts.

On March 1, 2007, this Court dismissed husband's appeal of the final decree, and subsequently denied husband's petition for rehearing.

On or about March 2007, wife filed motions requesting the trial court to disburse funds in the amount of $128,733.78, held in escrow by the Clerk of the Circuit Court for Prince William County ("the clerk"). Wife attached a copy of the administrative order to her motions. The administrative order, signed by a DCSE authorized representative, addressed to the trial court,

indicated that husband owed a child support debt of $23,240.36 and ordered that amount be immediately withheld from any property, assets, or money due, owing, or belonging to husband. Wife represented in her motion that husband had unsuccessfully appealed the administrative order within the DCSE and to the Juvenile and Domestic Relations District Court for Pulaski County (the "J&DR court") and that he intended to file an appeal of the J&DR court's order to the Pulaski County Circuit Court. Wife requested an order directing that funds as set forth in the final decree in the amount of $104,500.44 be disbursed to her and that the clerk retain possession of the remainder of the marital funds in the amount of $24,233.44 to be held by the trial court pending husband's appeal of the DCSE administrative order.

The trial court held a hearing on wife's motions, along with other matters. In its June 18, 2007 order disposing of those matters, the trial court granted wife's motions to disburse funds, which the clerk held in escrow, in accordance with the terms of the final decree. Upon consideration of evidence and argument, the trial court ordered the clerk to disburse a check in the amount of $104,500.44 to wife, which represented the combined amount of marital debt which the trial court ordered wife to pay from marital assets ($30,267.00) and her portion of the distribution of martial assets ($74,233.44). The trial court further ordered the clerk, pursuant to the administrative order, to withhold for child support debt and pay over to the DCSE the amount of $23,240.36, and to issue a check in the amount of $933.08, payable to husband, which represented the balance of the proceeds escrowed.

On appeal, husband argues the June 9, 2006 final decree assigned $23,223.44 of the marital assets to him and ordered him to pay the child support arrearage over time at the rate of $50 per month. Thus, he contends that the trial court erred by ordering on June 18, 2007, that the clerk, pursuant to the administrative order, pay over to the DCSE from the escrowed funds the amount of $23,240.36 for a child support debt. Husband asserts that Code § 63.2-1916 prohibits DCSE from

- 3 -

changing the terms of the payment plan for the child support arrearage set by the trial court in its June 9, 2006 final decree. He further asserts that by enforcing the administrative order over the June 9, 2006 final decree, the trial court effectively allowed a DCSE non-attorney employee to overrule the final decree.

We recognize that "[a]ll administrative orders issued by the Department shall have the same force and effect as a court order. However, any order issued by a court of this Commonwealth supersedes an administrative order." Code § 63.2-1915. Furthermore, "[i]n no event shall an administrative hearing alter or amend the amount or terms of any court order for support or decree of divorce ordering support." Code § 63.2-1916.

However, notwithstanding these statutory provisions regarding administrative support orders, Code § 20-108, in its pertinent part, vested the trial court with the following authority:

> The court may, from time to time after decreeing as provided in § 20-107.2, on petition of either of the parents, or on its own motion or upon petition of any probation officer or the Department of Social Services, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require. . . .
>
> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party.

Thus, notwithstanding the DCSE order to withhold, Code § 20-108 provided the trial court with authority to revise and alter its June 9, 2006 final decree concerning the care, custody, and maintenance of the parties' child, and to make a new decree concerning the same, as the circumstances of the parents and the benefit of the child might have required at that time.

In this case, the record shows that the child support arrearage as of the June 18, 2007 order was significantly higher than when the trial court entered the final decree. Thus, based on

- 4 -

that and other circumstances regarding husband's failure to pay, which might have been revealed at the hearing, which led to the June 18, 2007 order, Code § 20-108 provided the trial court with the authority to prospectively modify its child support order as to the manner of payment of the arrearage in the future. However, because the record contains no timely filed transcript or written statement of facts with respect to that hearing, we cannot determine the precise factual or legal basis for the trial court's ruling.

> Rule 5A:8 provides that "[t]he transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." We have established a firm policy concerning the filing of transcripts: "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules."

Smith v. Commonwealth, 32 Va. App. 766, 771-72, 531 S.E.2d 11, 14 (2000) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)). "'If we determine that the transcript is indispensable and is not a part of the record before us for review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented.'" Id. at 772, 531 S.E.2d at 14-15 (quoting Turner, 2 Va. App. at 99, 341 S.E.2d at 402).

Based upon our review of the record and husband's response to the show cause issued by this Court, we conclude that a timely filed transcript or written statement of facts concerning the hearing, which resulted in the June 18, 2007 order, is indispensable to determining whether the trial court committed reversible error. Therefore, we dismiss husband's appeal as to Issues (1) and (2).

Issue (3)

Husband asserts that the trial court's "illegible handwritten chicken-scratch orders" violate due process.

Husband has the burden of showing that reversible error was committed.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Mere unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Furthermore, this Court "will not search the record for errors in order to interpret the [appellant's] contention[s] and correct deficiencies in a brief."  Id.  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims . . . ."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Rule 5A:20(e) mandates that the opening brief shall contain "[t]he principles of law, the argument, and the authorities relating to each question presented."  Husband's opening brief with respect to Issue (3) does not comply with Rule 5A:20(e), as he failed to include any principles of law or authorities related to this question in support of his argument.  Accordingly, we are procedurally barred from considering this issue and dismiss husband's appeal as to this issue.

Issue (4)

Appellant contends the evidence was insufficient to support the trial court's contempt finding and sentence of one day in jail, which arose out of the June 18, 2007 hearing.  He argues there was no justification for the contempt sentence under Code § 18.2-456.

Code § 18.2-456 provides as follows:

> The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:
>
> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
>
> (2) Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness or party going to, attending or returning from the court, for or in respect of any act or proceeding had or to be had in such court;

(3) Vile, contemptuous or insulting language addressed to or published of a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding;

(4) Misbehavior of an officer of the court in his official character;

(5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

Appellant failed to timely file a transcript or written statement of facts as required by Rule 5A:8, regarding the hearing which led to the June 18, 2007 order finding him in contempt and sentencing him to one day in jail. We have reviewed the record and appellant's response to the show cause, and conclude that a transcript of that hearing, which would show the events which gave rise to the contempt finding and sentence, is indispensable to addressing husband's argument that the trial court's contempt finding and sentence violated Code § 18.2-456 and, therefore, constituted reversible error. Therefore, we dismiss husband's appeal as to this issue. See Smith, 32 Va. App. at 771-72, 531 S.E.2d at 14-15.

Issue (5)

Husband argues the trial court lacked personal jurisdiction over him on the ground that he was never served with wife's bill of complaint as required by Code §§ 20-99.2, 8.01-296, and 8.01-288.

Assuming, without deciding, that service of the bill of complaint on husband was somehow defective, husband made a general appearance in the trial court by filing an Answer and Cross-Bill to the bill of complaint, without objecting to service and, therefore, he waived all questions about service of process.

An appearance for any other purpose than questioning the jurisdiction of the court - because there was no service of process, or the process was defective, or the service thereof was defective,

> or the action was commenced in the wrong county, or the like - is general and not special, although accompanied by the claim that the appearance is only special.

Norfolk & Ocean View Ry. Co. v. Consolidated Tpk. Co., 111 Va. 131, 136, 68 S.E. 346, 348 (1910); accord Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999).

There is no question that husband entered a general appearance in this case when he filed an Answer and Cross-Bill. See Kiser v. Amalgamated Clothing Workers of Am., 169 Va. 574, 591, 194 S.E. 727, 734 (1938) (pleading the general issue constitutes a general appearance); Maryland Cas. Co. v. Clintwood Bank, Inc., 155 Va. 181, 186, 154 S.E. 494, 494 (1930) (any action by a defendant, except an objection to jurisdiction, recognizing a case as in court amounts to a general appearance). "A general appearance 'is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court.'" Gilpin, 257 Va. at 581, 515 S.E.2d at 125 (quoting Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951)). Thus, we find no merit in husband's argument.

Moreover, husband raised this same issue regarding jurisdiction in his first appeal to this Court of the trial court's June 9, 2006 final decree. Without addressing the merits of husband's first appeal, we dismissed it by order dated March 1, 2007, due to husband's failure to file a replacement brief. On June 6, 2007, we denied husband's motion to set aside and for a rehearing.

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Neff v. Commonwealth, 39 Va. App. 13, 17-18, 569 S.E.2d 72, 74-75 (2002) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)). The doctrine of *res judicata* provides as follows:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is

conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

Lofton Ridge, LLC v. Norfolk Southern Rwy. Co., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)). "'A judgment of dismissal which is intended to be and is a disposition on the merits of a claim is a final judgment on the merits.'" Highsmith v. Commonwealth, 25 Va. App. 434, 440-41, 489 S.E.2d 239, 242 (1997) (quoting 8B Michie's Jurisprudence, Former Adjudication or Res Judicata § 12 (1996)).

*Res judicata* applies in this case. In husband's first appeal to this Court, he asserted as error the trial court's exercise of jurisdiction over him. However, we dismissed that appeal due to husband's failure to file a replacement brief. Thus, any attempt by husband to relitigate the issue of personal jurisdiction that properly was raised or could have been raised in his first appeal is barred by the doctrine of *res judicata*.

For these reasons, we dismiss husband's appeal as to Issues (1) through (4), and affirm the trial court's decision as to Issue (5).

Affirmed in part and
dismissed in part.